# Exhibit A

1

2

3

4

5

6

7           SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8    ADEN HASSAN, ALI YESUF, ARDO ALI, DESALEGN    No. 17-2-33266-6 KNT
ASRAT, EDWIN PALAGANAS, EMEBET

9    GEBREMARIAM, EPHREM EMBEKA, EYOB TEDLA,    COMPLAINT FOR WAGE
,FATIMA WASYE, FELIROSE VASQUEZ, FITSUM    AND HOUR VIOLATIONS

10    KOTISO, FREWOINE MOGESS, GETACHEW
AMBAW, HABTAMA YEHUALA, HIBO ALI, HIRUT

11    B. TAMERATE, IBRAHIM SHOUR, JAIME BENITIZ,
JAMES P EDORIA, KEDIR S MOHAMMED, KHADIJA

12    HASSAN, MARGNESH BEREDA, MESFIN M.
YESHEWAWERK, MULUALEM MANDAFRO,

13    OXANA PODOLSCHI, RAMIL GARCIA, SARA
ENGIDAWORK, SUSAN OFFRIL, TEWODROS

14    MESSELE, TIGIST MENJI, TILAHUN ABEBE,
TIRENGO TADEGE and TSHAY BEYENE

15                           Plaintiffs,

16        v.

17    FLIGHT SERVICES & SYSTEMS, INC., a foreign
corporation, INTERNATIONAL TOTAL SERVICES,

18    INC., a foreign corporation, ROBERT WEITZEL
JEANETTE "JEAN" WEITZEL and PHIL

19    ARMSTRONG,

20                        Defendants.

21

22

23

COMPLAINT etc. – Page 1

**NATURE OF ACTION**

1.     Plaintiffs Aden Hassan, Ali Yesuf, Ardo Ali, Desalegn Asrat, Edwin Palaganas, Emebet Gebremariam, Ephrem Embeka, Eyob Tedla, ,Fatima Wasye, Felirose Vasquez, Fitsum Kotiso, Frewoine Mogess, Getachew Ambaw, Habtama Yehuala, Hibo Ali, Hirut B. Tamerate, Ibrahim Shour, Jaime Benitiz, James P Edoria, Kedir S Mohammed, Khadija Hassan, Margnesh Bereda, Mesfin M. Yeshewawerk, Mulualem Mandafro, Oxana Podolschi, Ramil Garcia, Sara Engidawork, Susan Offril, Tewodros Messele, Tigist Menji, Tilahun Abebe, Tirengo Tadege and Tshay Beyene ("plaintiffs") bring this action against FLIGHT SERVICES & SYSTEMS, INC. ("FSS"), ROBERT WEITZEL, JEAN WEITZEL, PHIL ARMSTRONG and INTERNATIONAL TOTAL SERVICES, INC. ("ITS") for violations of the SeaTac Municipal Code Chapter 7.45 ("Code" 7.45") and the Washington Minimum Wage Act ("MWA"), chapter 49.46 RCW, including damages for willful violations of the above provisions pursuant to RCW chapter 49.52.

**FACTS**

2.     Plaintiffs are current and former employees of defendants who worked at SeaTac Airport. Each plaintiff is a "covered worker" under Code Chapter 7.45.

3.     Defendant FSS is a foreign corporation headquartered in Ohio, that provides airlines and airports with the ground handling services, aircraft services, terminal services and security services. Between 2014 and the present time it has provided these services to various clients at SeaTac Airport in SeaTac, Washington. FSS is a wholly owned subsidiary of ITS. Defendant FSS was plaintiffs' employer. For example, FSS supplied plaintiffs with IRS tax forms on which FSS was listed as the employer.

COMPLAINT etc. – Page 2

4.      Defendant Robert Weitzel is on information and belief the FSS Chairman of the Board of Directors and Chief Executive Officer.  Between 2014 and the present time, he has overseen all FSS activities, including accounting and risk management.  On information and belief, he has also been and may still be the Chairman of the Board of Directors and Chief Executive Officer of ITS.  He has been a corporate officer of ITS since its founding in 1978. Robert Weitzel had control over the practices complained of herein and a corporate position sufficient to support a finding that he was plaintiffs' employer under the SeaTac Municipal Code chapter 7.45 and under RCW chapters 49.46 and 49.52.  On information and belief, Robert Weitzel is and/or was part of a marital community with defendant Jean Weitzel and all acts performed by each of them were in furtherance of that marital community.

5.      Defendant Jeanette "Jean" Weitzel, since approximately 2000, has been a member of the FSS Board of Directors and has been its Corporate Secretary.  During the past 17 years she has had many positions working with the FSS team.  Prior to that she held numerous management positions with ITS going back as far as 1982.  She was involved with ITS from its founding in 1978.  Jean Weitzel had control over the practices complained of herein and a corporate position sufficient to support a finding that she was plaintiffs' employer under the SeaTac Municipal Code chapter 7.45 and under RCW chapters 49.46 and 49.52.  On information and belief, defendant Jean Weitzel is and/or was part of a marital community with defendant Robert Weitzel and all acts performed by each of them were in furtherance of that marital community.

6.      Defendant Phil Armstrong has been with FSS for over 8 years.  On information and belief, from 2014 to the present time, he has been FSS' President and Chief Operating

COMPLAINT etc. – Page 3

Officer, in which role he is responsible for all aspects of daily operations and management of an annual budget of approximately $10,000,000 or more. Phil Armstrong had control over the practices complained of herein and a corporate position sufficient to support a finding that he was plaintiffs' employer under the SeaTac Municipal Code chapter 7.45 and under RCW chapters 49.46 and 49.52.

7. Defendant ITS is the parent company of FSS, which is ITS' wholly-owned subsidiary. FSS is ITS' primary asset and its principal subsidiary. ITS shares headquarters with FSS in Ohio. ITS and FSS share corporate officers, including but not limited to Robert Weizel, who, on information and belief, has been a corporate officer and board member of both companies at the same time over the past approximately 25 years. Defendant ITS exercised such control over FSS employees and FSS operations that it too is responsible as an employer of the plaintiffs for all of the claims alleged herein.

8. From January 1, 2014, through the present, defendant FSS has operated and continues to operate within the City of SeaTac and at SeaTac Airport performing one or more of the following activities at SeaTac Airport: curbside passenger check-in services; baggage check services; wheelchair escort services; baggage handling; cargo handling; aircraft interior cleaning; aircraft carpet cleaning; aircraft washing and cleaning; security services and related work.

9. At various times between January 1, 2014 and February 28, 2015 each of the plaintiffs performed non-supervisor and non-manager work on the premises of SeaTac Airport in FSS' employ.

COMPLAINT etc. – Page 4

10.   From January 1, 2014, to the present, defendant FSS has employed and continues to employ twenty-five or more nonmanagerial, nonsupervisory employees at SeaTac airport.

11.   Since January 1, 2014, and continuing to a date in early 2016, plaintiffs have been paid wages that are below the "living wage" rate established under Code 7.45.050(A). That wage rate was $15.00 per hour in 2014 and was raised to $15.24 per hour as of January 1, 2015.

12.   Since January 1, 2014, and continuing to at least early 2016 or beyond, plaintiffs have not received the accruals of paid and sick and safe time required under Code 7.45.020. Defendant FSS has not provided plaintiffs a lump sum payment at the end of the calendar year for unused accrued compensated time as required under Code 7.45.020(D) for work performed in 2014 or 2015.

13.   Since January 1, 2014, and continuing to a date in early 2016, defendant FSS has failed to pay the plaintiffs for hours worked in excess of forty per week at a rate of at least time and a half the living wage set forth under Code 7.45.050(A).

14.   Since January 1, 2014 and continuing to the present time defendant FSS has failed to offer work to plaintiffs, when they were current part time employees, prior to hiring additional part time employees and/or subcontractors to perform that available work.

15.   On August 20, 2015, the Washington Supreme Court issued its opinion in *Filo Foods, Inc. v. City of Sea-Tac*, 183 Wn.2d 770, 357 P.3d 1040 (2015) ("*Filo Foods*"), upholding SeaTac Municipal Code Chapter 7.45 against state and federal law challenges.

COMPLAINT etc. – Page 5

WASHINGTON WAGE CLAIM PROJECT
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840   FAX (206) 682-2305

16. By February 2016, the motion for reconsideration in *Filo Foods* was denied by the Washington Supreme Court and no writ of certiorari was filed in the United States Supreme Court. Also in February 2016, the Washington Supreme Court decline to accept review in a case that upheld challenges the underlying SeaTac minimum wage initiative on issues such as signatures and other alleged defects.

17. By the end of February 2016 FSS, ITS, Robert Weitzel, Jean Wetzel and Phil Armstrong were aware that the SeaTac had been upheld in litigation in the Washington State Courts.

18. In 2015 and early 2016 FSS, ITS, Robert Weitzel, Jean Wetzel and Phil Armstrong participated in one or more decisions concerning whether to pay SeaTac minimum wages.

19. In 2015 and early 2016 FSS, ITS, Robert Weitzel, Jean Wetzel and Phil Armstrong participated in in one or more decisions to have FSS pay SeaTac minimum wages of $15.24 to its covered workers at SeaTac Airport on a going forward basis, starting some time in approximately February 2016.

20. In 2015 and early 2016 FSS, ITS, Robert Weitzel, Jean Wetzel and Phil Armstrong participated in one or more decisions that FSS would not pay SeaTac minimum wages of $15.24 to its covered workers at SeaTac Airport retroactively to 2014, 2015 or January 2016.

21. In 2015 and early 2016 FSS, ITS, Robert Weitzel, Jean Wetzel and Phil Armstrong participated in in one or more decisions that FSS would not pay SeaTac sick/safe leave payments to its covered workers at SeaTac Airport retroactively to 2014 or 2015.

COMPLAINT etc. – Page 6

WASHINGTON WAGE CLAIM PROJECT
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 682-2305

## FIRST CAUSE OF ACTION – VIOLATION OF
## THE SEATAC MUNICIPAL CODE 7.45.050

22.   Plaintiffs restate and reallege the previous allegations set forth in this complaint.

23.   Defendants' failure to pay plaintiffs the "living wage" of $15.00 per hour in 2014, and $15.24 per hour from January 1, 2015 through some time in approximately February 2016 violates SeaTac Municipal Code 7.45.050(A).

24.   As a result of defendants' acts and omissions, plaintiffs have been damaged in amounts as will be proven at trial and may be entitled to injunctive relief under SeaTac Municipal Code 7.45.100.

25.   Defendants' violations of SeaTac Municipal Code 7.45.050(A) have been willful with the intent to deprive plaintiffs of wages since no later than February 2016, including the willful failure to pay back wages, entitling plaintiffs to double exemplary damages under RCW 49.52.050 and RCW 49.52.070, as a willful violation of a wage ordinance.

## SECOND CAUSE OF ACTION – VIOLATION OF THE
## SEATAC MUNICIPAL CODE 7.45.020

26.   Plaintiffs restate and reallege the previous allegations set forth in this complaint.

27.   Defendants' failure to provide sufficient sick and safe time accruals to plaintiffs constitutes a violation of SeaTac Municipal Code 7.45.020.

28.   Defendants' failure to provide plaintiffs with proper lump sum payments at the end of 2014, 2015 and 2016 for unused accrued sick and safe time violates SeaTac Municipal Code 7.45.020.

COMPLAINT etc. – Page 7

29.   As a result of the defendants' acts and omissions, plaintiffs have been damaged in amounts as will be proven at trial and have a claim for injunctive relief under SeaTac Municipal Code 7.45.100.

30.   Defendants' violations of SeaTac Municipal Code 7.45.020 have been willful with the intent to deprive plaintiffs of wages since no later than February 2016, including the willful failure to pay back sick and safe time benefits, entitling plaintiffs to double exemplary damages under RCW 49.52.050 and RCW 49.52.070, as a willful violation of a wage ordinance.

**THIRD CAUSE OF ACTION – VIOLATIONS OF SEATAC MUNICIPAL CODE 7.45.030.**

31.   Plaintiffs restate and reallege the previous allegations set forth in this complaint.

32.   Defendants have a practice of relying predominantly on part-time workers.

33.   From January 1, 2014 to the present time, defendants have hired additional part time workers without first offering those hours first to existing qualified part-time employers.

34.   Defendants' violations of SeaTac Municipal Code 7.45.030 have been willful with the intent to deprive plaintiffs of wages since no later than February 2016, including the willful failure to pay back wages for SeaTac Municipal Code 7.45.030 violations, thereby entitling plaintiffs to double exemplary damages under RCW 49.52.050 and RCW 49.52.070, as a willful violation of a wage ordinance.

**FOURTH CAUSE OF ACTION – VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT**

35.   Plaintiffs restate and reallege the previous allegations set forth in this complaint.

COMPLAINT etc. – Page 8

36.    Upon a determination that plaintiffs' minimum wage was the SeaTac living wage, defendant will be liable under RCW 49.46.130 for failing to have paid for overtime work (work in excess of forty hours per week) at one-and-one-times plaintiffs' regular rate.

37.    As a result of the defendants' acts and omissions, plaintiffs have been damaged in amounts as will be proven at trial.

38.    Defendants' violations of RCW 49.46.130 have been willful with the intent to deprive plaintiffs of wages since no later than February 2016, including the willful failure to pay back overtime wages, entitling plaintiffs to double exemplary damages under RCW 49.52.050 and RCW 49.52.070.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request this Court grant the following:

A.    Damages for lost wages in amounts to be proven at trial;

B.    Exemplary damages pursuant to RCW 49.52.070;

C.    Attorneys' fees and costs pursuant to RCW 49.46.090, RCW 49.48.030, chapter 49.52 RCW, and SeaTac Municipal Code 7.45.100;

D.    Payment of unused sick leave and safe time banks, and restoration of such banks for all plaintiffs, in amounts to be proven at trial;

E.    Payment of damages and injunctive relief for violations of SeaTac Municipal Code 7.45.030, by failing to promote full time employment.

F.    Prejudgment interest; and

G.    Such other and further relief as the Court deems just and proper.

DATED this 27th day of December, 2017.

COMPLAINT etc. – Page 9

WASHINGTON WAGE CLAIM PROJECT
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 682-2305

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

/s/ David N. Mark

David N. Mark, WSBA #13908
Beau C. Haynes, WSBA #44240
Washington Wage Claim Project
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone:  (206) 340-1840
Fax:  (206) 682-2305
E-mail: david@wageclaimproject.org
E-mail:  beau@wageclaimproject.org

*Attorneys for Plaintiffs*

COMPLAINT etc. -- Page 10

1/4/18
3:18 pm

1

2

3

4

5

6

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

7   ADEN HASSAN, ALI YESUF, ARDO ALI,
DESALEGN ASRAT, EDWIN PALAGANAS, EMEBET
GEBREMARIAM, EPHREM EMBEKA, EYOB TEDLA,
8   ,FATIMA WASYE, FELIROSE VASQUEZ, FITSUM
KOTISO, FREWOINE MOGESS, GETACHEW
9   AMBAW, HABTAMA YEHUALA, HIBO ALI, HIRUT
B. TAMERATE, IBRAHIM SHOUR, JAIME BENITIZ,
10   JAMES P EDORIA, KEDIR S MOHAMMED,
KHADIJA HASSAN, MARGNESH BEREDA, MESFIN
11   M. YESHEWAWERK, MULUALEM MANDAFRO,
OXANA PODOLSCHI, RAMIL GARCIA, SARA
12   ENGIDAWORK, SUSAN OFFRIL, TEWODROS
MESSELE, TIGIST MENJI, TILAHUN ABEBE,
13   TIRENGO TADEGE and TSHAY BEYENE

No. 17-2-33266-6 KNT

SUMMONS

14              Plaintiffs,

15        v.

16   FLIGHT SERVICES & SYSTEMS, INC., a foreign
corporation, INTERNATIONAL TOTAL SERVICES,
INC., a foreign corporation, ROBERT WEITZEL,
17   JEANETTE "JEAN" WEITZEL and PHIL
ARMSTRONG,
18
              Defendants.
19

20   TO:   FLIGHT SERVICES & SYSTEMS, INC.

21   TO:   INTERNATIONAL TOTAL SERVICES, INC

22   TO:   ROBERT WEITZEL

23

SUMMONS – Page 1

TO:   JEANETTE "JEAN" WEITZEL

TO:   PHIL ARMSTRONG,

A lawsuit has been started against you in the above entitled court by Aden Hassan, Ali Yesuf, Ardo Ali, Desalegn Asrat, Edwin Palaganas, Emebet Gebremariam, Ephrem Embeka, Eyob Tedla, ,Fatima Wasye, Felirose Vasquez, Fitsum Kotiso, Frewoine Mogess, Getachew Ambaw, Habtama Yehuala, Hibo Ali, Hirut B. Tamerate, Ibrahim Shour, Jaime Benitiz, James P Edoria, Kedir S Mohammed, Khadija Hassan, Margnesh Bereda, Mesfin M. Yeshewawerk, Mulualem Mandafro, Oxana Podolschi, Ramil Garcia, Sara Engidawork, Susan Offril, Tewodros Messele, Tigist Menji, Tilahun Abebe, Tirengo Tadege and Tshay Beyene ("Plaintiffs"). Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiffs are entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

SUMMONS – Page 2

WASHINGTON WAGE CLAIM PROJECT
CENTRAL BUILDING, SUITE 500
810 THIRD AVENUE
SEATTLE, WA 98104
(206) 340-1840  FAX (206) 682-2305

1        This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the

2    State of Washington.

3

4                          /s/ David N. Mark

5                          David N. Mark, WSBA #13908
                           Beau C. Haynes, WSBA #44240

6                          Washington Wage Claim Project
                           810 Third Avenue, Suite 500

7                          Seattle, Washington 98104
                           Telephone:  (206) 340-1840

8                          Fax:  (206) 682-2305
                           E-mail: david@wageclaimproject.org

9                          E-mail:  beau@wageclaimproject.org

10                         *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

SUMMONS – Page 3